UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DELORES MAXTON | : | Case No. 1:07-cv-357 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") 15-22) (ALJ's decision).)

**I.**

On January 7, 2004, plaintiff filed an application for SSI alleging a disability onset date of May 2, 2002, due to severe low back pain and problems with her knees. (*See* Tr. 61-64, 75.)

Plaintiff's claim was denied initially and on reconsideration. Upon denial of her claims on the state agency level, she requested a hearing *de novo* before an ALJ.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Hearings were held on April 6 and June 15, 2006, at which plaintiff appeared with counsel and testified. (*See* Tr. 509-580.) A medical expert, Dr. David Randolph, and a vocational expert, Janet Rogers, were also present and testified.

On August 23, 2006, the ALJ entered her decision finding plaintiff not disabled. That decision became defendant's final determination upon denial of review by the Appeals Council on March 28, 2007. (Tr. 4-6.)

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's degenerative disc disease of the lumbar spine, degenerative joint disease of the knees, obesity, and depression are considered "severe" based on the requirements in the regulations at 10 CFR § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of this decision.

5. The claimant has the residual functional capacity to perform the full range of work, except that she cannot lift or carry more than 20 pounds occasionally or 10 pounds frequently. She is able to sit, stand, and walk as necessary for the performance of tasks (up to an 8 hour workday), but is not able to use foot controls. The claimant is also limited to performing simple tasks and should not be placed in contact with the public on a sustained basis.

6. The claimant's past relevant work as a housekeeper and a general office clerk did not require the performance of work-related activities precluded by her residual functional capacity. 20 CFR § 416.965.

    7.      The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work. As discussed in this decision, she could do other work even if she could not do her past relevant work.

    8.      The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of this decision. 20 CFR § 416.920(f).

(Tr. 21 - 22.)

The ALJ thus concluded that plaintiff was not entitled to a period of disability or disability insurance benefits.

On appeal, plaintiff argues that the ALJ erred: (1) in weighing the medical opinions of record; and (2) in evaluating plaintiff's mental impairments. Each assertion will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of

>  choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### A.

For her first assignment of error, plaintiff argues that the ALJ erred in weighing the medical opinions of record. Specifically, plaintiff argues the ALJ erred in giving deference to the opinion of the medical expert and by rejecting the opinions of her two treating physicians, Drs. Sakalkale and Bertram. Plaintiff's assertions lack merit, however.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference."); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Lashley v. Secretary of HHS*, 708 F.2d 1048, 1054 (6th Cir. 1983). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Lashley v. Secretary of H.H.S.,* 708 F.2d 1048, 1054 (6th Cir. 1983). If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's]

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 1527(d)(2); *see also Walters*, 127 F.3d at 530. "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

The Social Security regulations likewise recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). In weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

Here, in June 2005, Dr. Sakalkale limited plaintiff to working 25 hours a week with the following restrictions: maximum lifting of 20 pounds, standing no longer than

40 minutes, sitting 30 minutes before needing a break, and no bending more than 3-4 times a day. (Tr. 300).

Additionally, in October 2005, Dr. Bertram opined that plaintiff was limited in her ability to bend and twist due to severe pain and could not carry or lift more than 10 pounds. (Tr. 287). He stated: "I do not believe that she will be capable of doing a sedentary job given the amount of discomfort she has at all times." (Tr. 288). He further noted in December of 2005 that plaintiff was still unable to work because of significant pain and inability to sit or stand for prolonged periods. (Tr. 279).

Plaintiff asserts that the limitations established by Drs. Sakalkale and Bertram are disabling.

Furthermore, plaintiff asserts that Drs. Sakalkale's and Bertram's disability findings are supported the objective medical evidence. Specifically, plaintiff maintains that an MRI from September of 2004 clearly showed disc herniations at L3-4 and L4-5 with stenosis. Two previous MRI also showed disc herniation at L4-5. An EMG in 2005 showed evidence of L5 radiculopathy.

However, Dr. Sakalkale had only seen plaintiff at three office visits, and Dr. Bertram had seen Plaintiff twice. (Tr. 197-300, 278-79, 293-95, 317-19). Thus, the opinions of Drs. Sakalkale and Bertram' were <u>not</u> based on a "longitudinal picture" of medical impairments. *See* 20 C.F.R. § 404.1527(d)(2).

More importantly, Dr. Sakalkale opined that he wanted plaintiff to be on temporary disability for two months, where for two months she could only work 25 hours

-6-

a week, not lift over 20 pounds, stand no longer than 40 minutes, sit 30 minutes before needing a break, and no bending more than 3-4 times a day. (Tr. 300). Dr. Sakalkale never opined that Plaintiff was permanently disabled. *See* 20 C.F.R. § 416.905 (in order to prove disability, a claimant must prove he or she had disabling limitation(s) for at least a continuous 12 months).

Moreover, Dr. Bertram rendered his October 2005 opinion regarding plaintiff's functional capacity after only seeing plaintiff once. (Tr. 287-88, 293-95). Specifically, Dr. Bertram opined that plaintiff would not be able to return to her previous employment if there was any type of lifting, bending, twisting, or carrying of weights greater than 10 pounds, explaining that he did not believe she was capable of doing a sedentary job given the amount of discomfort she had at all times. (Tr. 287-88).

However, based on the testimony of the medical expert, Dr. Randolf, the ALJ found that objective evidence did not support the degree of limitation suggested by Dr. Bertram, and that Dr. Bertram's opinion was instead improperly based on plaintiff's own subjective complaints. (Tr. 549). *See* 20 C.F.R. § 416.927(d)(3) (the better an explanation a source provides for an opinion, particularly objective medical findings, the more weight the ALJ will give to that opinion). Dr. Randolph explained that the diagnostic studies taken during the relevant time do not show any evidence of active cause for plaintiff's complaints of radiculopathy. (Tr. 544). He noted that there was no objective evidence to correlate with her complaints. (Tr. 544). He could not find any objective evidence of sensory motor abnormalities, reflex changes, or atrophy. (Tr. 551).

Moreover, with respect to the MRI findings, in December 2001, Plaintiff's lumbar MRI showed a right-sided herniation, and, three years later, in September 2004, the herniation had either shifted or re-absorbed and was diminished in size. (Tr. 559). It was now on the left. (Tr. 558). Thus, Dr. Randolph explained that a comparison of the MRIs showed that in three years, there was a favorable change in terms of a less obstructive lesion. (Tr. 559).

Consistent with Dr. Randolph's finding of lack of objective support for plaintiff's complaints are the findings of other physicians throughout the record. For example, in February 2004, consultative examining physician Dr. Schapera made mostly normal examination findings (entirely normal gait, normal straight leg raising, no muscle weakness or atrophy, normal neurological exam, etc.). (Tr. 208). Dr. Schapera further noted that plaintiff did not appear to be in any pain during the exam. (Tr. 207-08).[2]

Similarly, in May 2004, the emergency room staff of Christ Hospital found that plaintiff had no difficulty ambulating and no weakness or numbness/tingling to her extremities. (Tr. 217). She had no lumbar tenderness, her deep tendon reflexes were normal, and she had negative straight leg raising. (Tr. 218). Her gait was even and steady. (Tr. 218). Moreover, plaintiff's recent treatment notes show complaints in the upper body with no particular indication of ongoing difficulty in the legs or lower back.

---

[2] Dr. Schapera also noted that plaintiff would be capable of performing a mild amount of sitting, ambulating, standing, bending, pushing, pulling, lifting, and carrying heavy objects. Plaintiff asserts that such a finding is inconsistent with light work. (Tr. 209). However, as noted by the Commissioner, even if Dr. Schapera's opinion is interpreted to be consistent with sedentary work, the vocational expert identified over 100,000 unskilled, sedentary jobs that a person with plaintiff's characteristics and limitations could perform. (Tr. 571).

-8-

(*See* Tr. 400-446.)

It is the ALJ's function to resolve conflicts in the medical evidence and to determine issues of credibility. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994)*; Hardaway v. Secretary of H.H.S.*, 823 F.2d 922, 928 (6th Cir.1987). The ALJ's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve the conflicts in the evidence differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983); *see also Boyle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

Upon careful review, the undersigned finds that substantial evidence exists to support Dr. Randolph's findings and the ALJ's reliance thereon. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir.1994.) (A non-examining physician's opinion may be accepted over that of an examining physician when the non-examining physician clearly states the reasons that his opinions differ from those of the examining physicians.)

**B.**

Plaintiff further asserts that the ALJ erred in assessing her mental RFC. Specifically, plaintiff asserts that her treating psychologist, Dr. Merchant, found that plaintiff's ability to remember, understand and follow directions, maintain attention, and sustain concentration and work pressure were poor. (Tr. 228). Dr. Merchant felt that plaintiff would frequently be absent from work and would require several breaks throughout the day due to depressive symptoms. At the hearing, the VE testified that Dr. Merchant's opinion was disabling, if considered valid. Thus, plaintiff maintains that the ALJ erred in failing to accord substantial weight to Dr. Merchant's findings.

However, as with Drs. Sakalkale and Bertram, Dr. Merchant only provided treatment (mental health counseling) to plaintiff for a very short time. Dr. Merchant asserts that she counseled plaintiff for three months (April to July 2004), but the record contains no treatment records from Dr. Merchant. (Tr. 227).

As noted above, an ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); *see also Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Id.* Thus, the ALJ was not required to give deference to Dr. Merchant's unsupported opinion.

Moreover, Dr. Merchant's opinion that plaintiff would be frequently absent from work and require several breaks throughout the day is inconsistent with other record evidence. (Tr. 230). Dr. Waggoner, a reviewing psychologist, found that plaintiff had the mental RFC to perform simple tasks with no sustained contact with the public. (Tr. 247). Every job the VE identified was consistent with Dr. Waggoner's mental RFC finding. (Tr. 570-71).

The undersigned thus finds that the RFC as determined by the ALJ is supported by substantial evidence. Although the RFC selected by the ALJ might not be the same RFC that plaintiff would have selected, the ALJ's RFC is, without question, within the

permissible "zone of choice" which the Sixth Circuit discussed in *Felisky, supra.* The ALJ's RFC is therefore not subject to reversal.

### III.

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

### IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner, that plaintiff was not entitled to a period of disability and disability income benefits, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:   August 27, 2008                              s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DELORES MAXTON | : | Case No. 1:07-cv-357 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).