IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delores Maxton,                )
                               )
        Plaintiff,             ) Case No. 1:07-CV-357
                               )
    vs.                        )
                               )
Commissioner of Social         )
Security,                      )
                               )
        Defendant.             )

O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of August 27, 2008 (Doc. No. 11) and Plaintiff Delores Maxton's objections to the Report and Recommendation (Doc. No. 12).  In his Report and Recommendation, Magistrate Judge Black concluded that the Administrative Law Judge's determination that Plaintiff is not disabled was supported by substantial evidence.  Therefore, Magistrate Judge Black recommended that the ALJ's decision be affirmed and that this case be closed.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** Magistrate Judge Black's Report and Recommendation.  The decision of the ALJ denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits is **AFFIRMED.**

I. <u>Background</u>

Given that Plaintiff's objections to the Report and Recommendation and assignments of error are largely procedural in nature, a detailed review of the medical evidence in the record is not required.

On January 7, 2004, Plaintiff filed a claim for SSI benefits alleging disability as a result of lower back and knee pain, as well as psychological impairments. Plaintiff's claim was denied initially and upon reconsideration. She requested and received an evidentiary hearing before an ALJ, during which Plaintiff, a medical expert, and a vocational expert testified. Following the hearing, the ALJ issued a written decision finding that Plaintiff has the residual functional capacity ("RFC") to perform her past relevant work as a housekeeper and as a general office clerk. The ALJ further determined that even if Plaintiff does not have the RFC to perform her past work, she can perform a number of other jobs that are available in the economy, such as assembler and inspector. Accordingly, the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security regulations. On March 28, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner.

Plaintiff filed a timely complaint for review of the ALJ's decision with this Court. Plaintiff's two assignment of errors implicate the treating physician rule. Plaintiff asserted that the ALJ erred in failing to give controlling weight to the opinions of her treating physicians in developing her physical RFC and that she erred in not giving controlling weight to the opinion of her treating psychologist in developing her mental RFC.

In his review of the ALJ's decision, Magistrate Judge Black concluded that Plaintiff's treating physicians' opinions were not entitled to controlling weight because they were not supported by objective evidence in the record, and because of the relatively short duration of their treatment of Plaintiff. Similarly, Magistrate Judge Black found that the opinion of Plaintiff's treating psychologist was not entitled to controlling weight because of the short duration of her treatment of Plaintiff and because it was not supported by concurrent treatment records. Magistrate Judge Black also found that the opinion of the treating psychologist was not entitled to controlling weight because it was inconsistent with the opinion of the reviewing psychologist. Therefore, Magistrate Judge Black concluded that the ALJ's decision was supported by substantial evidence.

This matter is now before the Court on Plaintiff's objections to the Report and Recommendation.

II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such as evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

III. <u>Analysis</u>

As stated, Plaintiff's objections and assignments of error concern the treating physician rule. Under the treating physician rule, opinions of physicians who have treated the claimant receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that either of these criteria have not been satisfied, she is required to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." <u>Wilson v. Commissioner of Social Sec.</u>, 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff first objects that the ALJ should have given controlling weight to the opinions of treating physicians Drs. Bertram and Sakalkale because they were based on objective findings of MRI results showing disc herniation and disc disease, an EMG showing nerve root compression, and multiple positive clinical findings. As Magistrate Judge Black accurately stated, however, neither Dr. Bertram nor Dr. Sakalkale ever opined that

5

Plaintiff was permanently disabled as a result of her back pain. While it is true that in October 2005, Dr. Bertram wrote that he did not believe that Plaintiff would be able to return to her past work, TR 287-88, a December 2005 note indicates that he discussed with Plaintiff the possibility of undergoing a functional capacity evaluation "to determine her ability to work and what limitation she may have in the long term." TR 279. This note clearly indicates that Dr. Bertram had not reached a definitive conclusion as to whether Plaintiff's back pain precluded her return to work. Dr. Sakalkale's opinion is even more equivocal. Dr. Sakalkale only placed Plaintiff on restrictions for a two month period in which she would be limited to 25 hours of work per week, a 20 pound lifting restriction, and with other time parameters for sitting, standing, and taking breaks. TR 300. As with Dr. Bertram's opinion, there is no indication that Dr. Sakalkale viewed Plaintiff as being incapable of returning to work. Moreover, as Magistrate Judge Black again accurately stated, Dr. Sakalkale's opinion plainly does not indicate that he expected Plaintiff to be disabled from work for 12 months, the minimum requirement to establish disability under the regulations. 20 C.F.R. § 416.905 ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months."). Consequently, the opinions of Dr. Bertram and Dr. Sakalkale do not constitute substantial evidence supporting Plaintiff's claim for disability. Accordingly, the ALJ did not err by not giving controlling weight to these opinions.

The Court also agrees that the ALJ did not err by not giving controlling weight to the opinion of the treating psychologist, Dr. Merchant. Dr. Merchant completed a mental status questionnaire in which she stated that Plaintiff has poor ability to remember, understand, and follow instructions, maintain attention and concentration, and withstand work pressure. TR 228. As Magistrate Judge Black found, however, Dr. Merchant's opinion is not supported by any contemporaneous office notes or other test results which support her opinion. Moreover, it is inconsistent with the opinion of Dr. Waggoner, the reviewing psychologist, who found that Plaintiff has the mental RFC to complete simple tasks, but would be better off working in an environment where she would not have contact with the public on a sustained basis. TR 247.

In her objections, Plaintiff argues that the ALJ could not rely on only that part of Dr. Waggoner's written opinion stating that she can perform simple tasks where she also indicated that Plaintiff has moderate limitations in five other

7

areas. Dr. Waggoner did find moderate limitations five areas, as Plaintiff states. However, two of these areas relate to Plaintiff's ability to cope with detailed instructions, one concerned her ability to interact with the public, and one concerned her ability to withstand stress. These limitations were all accounted for in Dr. Waggoner's opinion that Plaintiff can complete simple tasks with no sustained interaction with the public. The fifth limitation identified by Dr. Waggoner was Plaintiff's ability to sustain work without an unreasonable number of breaks. Importantly, though, Dr. Waggoner found that Plaintiff has no significant limitations in the remaining 15 categories included in the mental RFC assessment. TR 245-46. Thus, Dr. Waggoner's written opinion is fully supported by her individual itemization of Plaintiff's mental limitations.

Finally, Plaintiff argues that the vocational expert agreed that with the moderate limitations in her mental RFC identified by Dr. Waggoner, she is incapable of working. TR 578. Review of the record, however, shows that the vocational expert agreed that Plaintiff's moderate mental limitations preclude work based on the definition of "moderate" provided by Plaintiff's counsel, i.e., seriously limited but not precluded. The vocational expert, however, clearly did not agree with Plaintiff's counsel that "seriously limited but not precluded" is the correct definition of "moderate." See id. Rather, the

vocational expert stated that <u>given the definition of moderate proffered by counsel</u>, Plaintiff might have difficulty maintaining employment. Plaintiff's problem is that there is no support for her definition of "moderate." The Social Security regulations do not define a "moderate limitation." <u>Tibbs v. Astrue</u>, No. CV 07-4267 JC, 2008 WL 2705175, at *9 (C.D.Cal. July 7, 2008). Although in his questioning of the vocational expert, Plaintiff's counsel stated that sometimes the forms state that "moderate" means "seriously limited but not precluded," no such definition is included in the form completed by Dr. Waggoner. Therefore, there is no indication that Dr. Waggoner intended to report that Plaintiff has serious limitations in those areas. Indeed, such findings would have contradicted her written definition that Plaintiff can work performing simple tasks. The Court finds that the ALJ's reliance on Dr. Waggoner's mental RFC was appropriate.

<u>Conclusion</u>

In summary, the ALJ did not err in rejecting the opinions of Plaintiff's treating physicians' and treating psychologist's opinions in concluding that Plaintiff is not disabled. As Magistrate Judge Black detailed in his Report and Recommendation, the ALJ's opinion is fully supported by substantial evidence.

Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court

9

**ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled is **AFFIRMED.  THIS CASE IS CLOSED.**

   **IT IS SO ORDERED**

Date October 28, 2008       s/Sandra S. Beckwith
             Sandra S. Beckwith, Chief Judge
             United States District Court